UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JOSEPH F. CATALANO,<br><br>Debtor. | Case No. 21-17308 (JNP)<br><br>Chapter 12 |

## MEMORANDUM DECISION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

South Jersey Farmer's Exchange, Inc. ("SJFE") filed a claim on account of a pre-petition judgment. SJFE asserts that part of the claim is secured as a result of a pre-petition levy on Debtor's personal property. Debtor filed a motion to modify SJFE's claim (the "Motion") arguing that SJFE's claim should be reclassified as unsecured. Alternatively, Debtor argues the lien should be stripped off under section 522(f) of the Bankruptcy Code. SJFE filed opposition (the "Opposition") asserting multiple arguments that it is secured. Farm Credit East ACA ("Farm Credit") filed a joinder to the Motion arguing, inter alia, that SJFE is not properly perfected. Debtor filed a reply essentially adopting Farm Credit's arguments. The Court heard oral argument on May 10, 2022. For the reasons set forth below, the Court grants the Motion.

### I.    Background

Debtor filed a voluntary Chapter 12 petition on September 17, 2021 (the "Petition Date"), and continues to operate and manage his property as debtor-in-possession. SJFE initially filed a proof of claim in the amount of $455,263.52. SJFE subsequently filed identical amended claims, the final being Proof of Claim 7-3 (the "Claim"), which asserts a total claim in the amount of $455,263.52 arising from a final judgment in the matter of South Jersey Farmer's Exchange vs. Joseph F. Catalano, Jr., Superior Court of New Jersey, Law Division, Salem County, Case No.

SLM-L-00200-19 (the "SJFE Judgment"). The Claim asserts SJFE is secured in the amount of $148,951 because the Sheriff of Salem County served a writ of execution upon Debtor on October 30, 2020. The Sheriff's notes related to the levy state "Personal Property Levy served personally. Inventory not completed due to Covid." Sheriff's Report, Claim 7-3 Part 4. Importantly, there is no inventory of any personal property levied.

Debtor disputes that any portion of the Claim is secured and seeks an order reclassifying the Claim as an unsecured claim. Debtor argues that, as a result of senior liens, there is no equity in Debtor's personal property to which the SJFE writ of execution could attach, thereby rendering the Claim unsecured. The purported senior liens include the claims of Farm Credit; the Internal Revenue Service ("IRS"); and the State of New Jersey, Department of Labor, Division of Employer Accounts ("State of NJ"). Debtor asserts these liens total approximately $425,000.

Debtor asserts that Farm Credit's claim for $193,818.93 is secured by mortgages against various of the Debtor's real properties and a security agreement and UCC-1s filed against Debtor's personal property. As of the Petition Date, Debtor's personal property had an estimated fair market value of $148,951, which amount included 2021 crops with an estimated fair market value of $75,000. Pursuant to a cash collateral order, the Court authorized Debtor to harvest the crops and directed the proceeds of the sale to be used to pay certain costs associated with the 2021 harvest; pay costs in preparation of the 2022 growing season; and make an adequate protection payment to Farm Credit on account of its security interest in the harvested crops. Therefore, Debtor no longer possesses the $75,000 worth of crops and asserts that SJFE's alleged secured claim must be reduced accordingly. At the May 10 hearing, SJFE conceded that Debtor's 2021 crops were not subject to SJFE's levy and therefore reduced its asserted secured claim to $73,951.

Debtor alternatively argues that the SJFE Judgment is avoidable pursuant to section 522(f)(1) of the Bankruptcy Code. Specifically, Debtor has exempted or could exempt all or a

2

portion of the assets which make up his personal property. As a result, the SJFE Judgment in the amount of $425,257.16 and SJFE's writ of execution impairs Debtor's exemptions to his personal property. Thus, according to Debtor, the SJFE Judgment is avoidable pursuant to section 522(f)(1) of the Bankruptcy Code.

Farm Credit's joinder argues that, among other things, SJFE's purported levy is not enforceable because its attempted levy did not comply with the requirements of New Jersey law. As noted, Debtor's reply made the same argument.

SJFE argues that the only debt listed on Farm Credit's Proof of Claim is its Judgment of Foreclosure, and therefore the mortgage documents and UCCs attached to Farm Credit's claim serve no purpose. Specifically, SJFE argues that those documents do not grant Farm Credit a security interest in Debtor's personal property. SJFE then argues that the doctrine of marshaling applies to the claims of Farm Credit and the IRS, and therefore Debtor should amend his plan to recognize SJFE's security interest in Debtor's personalty. Under this argument, SJFE asserts it perfected its lien on Debtor's personal property by having the Salem County Sheriff levy on the same.

Next, SJFE asserts that the State of New Jersey claim is wholly unsecured. SJFE claims that the State of New Jersey only holds judgment liens because they did not comply with state law to perfect those liens. As such, SJFE believes the State of New Jersey claim is avoidable under section 544. Lastly, SJFE argues that Debtor's rights under section 522(f) are limited to $18,726, the value of Debtor's claimed exemptions, and therefore SJFE's secured claim amounts to $130,225 (based on SJFE's original position that $148,951 if the Claim is secured). Under this argument, the calculation provided by SJFE assumes there are no higher priority liens on Debtor's personalty.

## II. Jurisdiction

The court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K).

## III. Discussion

### A. Scope of Farm Credit's Claim

Preliminarily, the Court must address SJFE's argument that Farm Credit has no claim to Debtor's personal property, and even if it did, the doctrine of marshaling would require Farm Credit to satisfy its claims out of Debtor's assets that are not encumbered by SJFE's asserted security. The Court disagrees. Farm Credit filed UCC-1s to perfect its interest in Debtor's personal property in 2012 and timely filed UCC-3 continuation statements. Therefore, Farm Credit was perfected in Debtor's personal property on the Petition Date. Those documents are attached to Farm Credit's claim. See Proof of Claim 12-3, Part 9. Although Farm Credit did not include Debtor's personal property as a source of security on the proof of claim form, that does not result in Farm Credit waiving its perfected claim against that property. In In re Osuji, 580 B.R. 36 (Bankr. E.D.N.Y. 2018), the court noted that the failure of a secured creditor to file a claim does not result in a loss of its lien rights. See id. at 43. See also In re Kleibrink, 346 B.R. 734 (Bankr. N.D. Tex. 2006). The court concludes that Farm Credit's failure to state all security on the proof of claim form does not result in a loss of its other lien rights, especially when those other rights (i.e., rights to personal property) were included in the attachments to the proof of claim. Thus, Farm Credit's security interest predates SJFE's levy which entitles it to priority over SJFE.

SJFE next argues that the Court should apply the doctrine of marshalling and require Debtor to treat SJFE as a secured creditor as to Debtor's personal property. However, the Court

4

need not consider marshalling in this case, because Debtor prevails on the Motion for at least two other reasons.

B.    Avoidance Under Section 544

Debtor and Farm Credit argue SJFE's asserted lien can be avoided under section 544 of the Bankruptcy Code. While avoidance of a lien typically requires an adversary proceeding, see Fed. R. Bankr. P. 7001(2), under the present circumstances, the Court can consider the issue as part of motion practice. In In re Orfa Corp. of Phila., the creditor argued that the debtor's motion was improperly brought before the court as a contested matter rather than an adversary proceeding and therefore should have been dismissed. 170 B.R. 257, 275 (E.D. Pa. 1994). The court concluded this contention was without merit, noting that

> in some cases where a matter was improperly initiated by motion as a contested matter, 'courts have concluded that where the rights of the affected parties have been adequately presented so that no prejudice has arisen, form will not be elevated over substance and the matter will be allowed to proceed on the merits as originally filed.

Id. (quoting In re Command Servs. Corp., 102 B.R. 905, 908 (Bankr. N.D.N.Y. 1989)). This conclusion has significant support. See In re Vill. Mobile Homes, Inc., 947 F.2d 1282, 1283 (5th Cir. 1991) (compliance with the requisites of an adversary proceeding may be excused by waiver of the parties); In re Vandy, Inc., 189 B.R. 342, 346 (Bankr. E.D. Pa.1995) (where no party raised the issue, and where no prejudice would result, the bankruptcy court can overlook the error in filing a motion instead of a complaint); In re Little, 220 B.R. 13, 17 (Bankr. D.N.J. 1998) ("Generally speaking, most courts are willing to overlook deficiencies in pleading, including errors in presenting a complaint as a motion and vice versa, so long as the pleading substantially complies with the rules of pleadings. . . . Such pleading deficiencies are considered harmless error when it can be demonstrated that there exists no prejudice to the non-moving party because the filed

5

pleading provided the non-movant with notice of the nature of the pending litigation."); In re Russo, 2008 WL 5412106 at *3 n. 9 (Bankr. E.D. Pa. Oct. 20, 2008) ("Because the debtor did not object and has suffered no prejudice by the procedural defect, the defect is considered waived.").

SJFE did not object to considering this issue by motion. Moreover, SJFE will not suffer any prejudice by considering the matter by motion because it had an opportunity to argue the issue, and the facts related to the issue are not disputed. Therefore, it is appropriate to overlook this procedural deficiency and decide whether SJFE is properly perfected as part of the Motion.

Having determined it is appropriate to consider this issue as part of the Motion, the Court turns to whether SJFE's asserted lien can be avoided. Section 544 of the Bankruptcy Code provides a trustee with the status of a hypothetical judicial lien creditor who has levied upon the debtor's property. In re Italiano, 66 B.R. 468, 478 (Bankr. D.N.J. 1986). A judgment creditor will only defeat the Trustee's hypothetical lien if it has properly levied. Id. In other words, if a judgment creditor did not properly levy, the trustee's hypothetical lien enjoys priority over the judgment creditor's asserted lien.

In determining property rights in bankruptcy, courts look to applicable state law. See United States v. Butner, 440 U.S. 48 (1979). Under New Jersey law, a recorded judgment becomes an unperfected lien against all real property owned or thereafter acquired by the debtor in the local vicinage; only after it is docketed by the Clerk of Court in Trenton does it become a statewide judgment lien. See N.J.S.A. 2A:16-1, 16-11; Brescher v. Gern, Dunetz, Davison & Weinstein, P.C., 245 N.J. Super. 365, 373 (App. Div. 1991). Further, to perfect a judgment lien, a creditor must levy upon the debtor's property. In re Flores, 2011 WL 44910, at *2 (Bankr. D.N.J. Jan. 6, 2011) (citing In re Blease, 605 F.2d 97 (3d Cir.1979)).

New Jersey law sets forth procedures for executing and perfecting a judgment. N.J.S.A. 2A:16-1, et seq. First, "after obtaining and docketing a money judgment, pursuant to N.J.S.A. 2A:16-1, a creditor delivers a writ of execution to the sheriff." Borromeo v. DiFlorio, 409 N.J. Super. 124, 137 (App. Div. 2009). Under N.J.S.A. 2A:17-1, a judgment creditor must make a good faith effort to first levy upon the debtor's personal property located within the county to satisfy the judgment before levying upon real estate. Raniere v. I & M Invs. Inc., 159 N.J. Super. 329, 335 (Ch. Div. 1978). "The statutory language employed in N.J.S.A. 2A:17-1 leaves no room for equivocation . . . . The statute mandates that the sheriff exhaust all personalty of the debtor that can be located within the county before levying and executing against the debtor's realty." Id. at 336. To satisfy this statutory requirement, a judgment creditor must exert reasonable efforts in good faith to locate personalty. Borromeo, 409 N.J. Super. at 137. However, a material departure from this statutory command renders execution upon real property void. Raniere, 159 N.J. Super. at 337.

When attempting to levy upon a judgment debtor's personal property, "the proper procedure is to ascertain the existence of any assets owned . . . through supplementary proceedings . . . or by other legitimate investigative techniques, and then to instruct the [sheriff] to levy upon the discovered assets." Spiegel, Inc. v. Taylor, 148 N.J. Super. 79, 84 (Dist. Ct. 1977); see also, Borromeo 409 N.J. Super. at 137 ("It is the responsibility of the judgment creditor to prepare the writ, have it entered by the court clerk, see that it is delivered to the sheriff with instructions as to levying, and conduct discovery to locate and identify the property to be levied upon.") (citing Vitale v. Hotel Cal., Inc., 184 N.J. Super. 512, 519-20 (Law Div. 1982)). Pursuant to N.J.S.A. 2A:17-20, after the judgment creditor has identified property to be levied upon, "a careful

inventory must be made of the personal property subject to the levy" by the sheriff. Spiegel, 148 N.J. Super. at 83.

In Raniere, the judgment creditor chose to forego a supplementary proceeding to determine the nature and value of any property owned by the debtor, and "directed the sheriff to levy and execute initially and exclusively against the [debtor's] real property." 159 N.J. Super. at 339. Therefore, the sheriff did not pursue the debtor's personalty prior to execution on the realty. Id. As such, the court held the execution sale against the debtor's realty null and void for failing to make a good faith attempt to locate, levy upon and execute against personalty of the judgment debtor. Id. at 338.

In Italiano, the sheriff executed upon the debtor's realty after the debtor's son interfered with the sheriff's attempt to levy upon personalty by denying the sheriff entry into the debtor's home. The court invalidated the execution on realty reasoning that "the fact that the sheriff was denied access to the debtor's residence by the debtor's son for purposes of performing a personal property levy cannot validate the levy on the debtor's real property made that same day." Italiano, 66 B.R. at 479. In sum, denying a sheriff's access to a debtor's home when the sheriff is attempting to levy upon personalty is not sufficient to satisfy the good faith requirement.

The Third Circuit in In re Marvaldi determined that a judgment creditor's lackluster efforts to levy upon personalty prior to real estate did not meet the good faith requirement under New Jersey law. 99 F. App'x 414, 416 (3d Cir. 2004). There, in attempt to locate the debtors' personalty, the judgment creditor conducted a cursory search for motor vehicles and bank accounts. The judgment creditor subsequently gave the sheriff a writ of execution to levy on the debtors' real property and the sheriff proceeded accordingly. The Third Circuit concluded that the judgment

creditor did not make a good faith effort to locate the debtors' personal property and therefore the levy was void. Id.

In Pojanowski v. Loscalzo, 127 N.J. 240, 242 (1992), the plaintiff filed a motion to compel a post-judgment deposition of the defendant in attempt to ascertain the extent and location of her assets. Id. Additionally, the plaintiff "inquired about whether [the defendant] had any checking account, stocks, bonds, property, income other than social security, any pensions, and whether she received money from any source." Id. The defendant responded negatively or evasively to all of those inquiries, and the New Jersey Supreme Court affirmed the Appellate Division, stating "there is ample justification for the court's finding that plaintiff made a good faith effort to discover [defendant's] personal property." Id.

Similarly, in Borromeo the judgment creditor made a good faith effort to identify and levy upon the defendant's personalty prior to levying upon the defendant's real property by hiring an investigator to determine whether the defendant had any personal assets. Borromeo, 409 N.J. Super. at 137. Additionally, the plaintiff sent interrogatories to which the defendant certified that he owned "no bank accounts, physical assets, accounts receivable or automobiles." Id. The Appellate Division concluded that the "plaintiff employed sufficient and reasonable efforts to locate [the defendant's] personal property," and therefore the levy on real property was appropriate. Id. at 138.

In the present case, SJFE asserts that $73,951 of its judgment is secured as a result of its levy. As discussed above, New Jersey law sets forth procedures for executing and perfecting a judgment. N.J.S.A. 2A:16-1. Specifically, the creditor is required to make a good faith effort to identify, locate, and levy upon personal property prior to real property, and a failure to do so renders execution upon the real property void. Raniere, 159 N.J. Super. at 337. When executing a

judgment, "it is the responsibility of the judgment creditor to prepare the writ, have it entered by the court clerk, see that it is delivered to the sheriff with instructions as to levying, and conduct discovery to locate and identify the property to be levied upon." Borromeo, 409 N.J. Super. at 137. Identifying the property to be levied upon may be completed through supplementary proceedings or other legitimate investigative techniques. Spiegel, 148 N.J. Super. at 84. Once the property has been identified, the sheriff must make a careful inventory of the personal property subject to the levy. Id.

Here, it appears SJFE has not properly levied upon Debtor's personal property and therefore remains unperfected. See Italiano 66 B.R. at 478 (judgment creditor can only defeat trustee's section 544 strong arm power if judgment creditor properly levied). Under New Jersey law, SJFE was required to conduct discovery to identify the debtor's assets upon which it may instruct the sheriff to levy. However, SJFE provided no evidence to show that it conducted any discovery to ascertain Debtor's personal property, but instead relied upon Debtor's bankruptcy schedules filed almost a year later to identify personal property against which it asserts a lien.

Moreover, the sheriff's report of service of the levy states "Personal property levy served personally. Inventory not completed due to Covid." As such, the sheriff did not make a careful inventory of the personal property subject to the levy as required by New Jersey law. See Spiegel 148 N.J. Super. at 83. In fact, no inventory was completed. Furthermore, as discussed in Borromeo and Pojanowski, a good faith attempt to levy upon personal property requires reasonable efforts, which may include inquiring into the defendant's assets, sending interrogatories, or hiring an investigator. See Pojanowski, 127 N.J. 242; Borromeo, 409 N.J. Super. at 137. Here, SJFE did not allege any facts suggesting it investigated or attempted to identify Debtor's personal property upon which to levy. Thus, the Court concludes SJFE did not properly levy under New Jersey law and

therefore its judgment lien remains unperfected and subject to the strongarm powers of section 544.

For these reasons, the Court concludes that SJFE is not properly perfected and SJFE's asserted judgment lien may be avoided under section 544 of the Bankruptcy Code and the Motion will be granted.

### C.    Lien Stripping Under Section 522(f)

Even if SJFE were perfected, the Court would nevertheless grant the Motion because the lien could be stripped under section 522(f) of the Bankruptcy Code. As this Court ruled in In re Gross, section 522(f)(2)(A) sets forth a formula to determine the extent that an avoidable line impairs an exemption:

> to the extent that the sum of – (i) the lien; (ii) all other liens on the property; and (iii) the amount of exemption that the debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Gross, 2022 WL 682932 (Bankr. D.N.J. 2022) (internal citation omitted) (quoting 11 U.S.C. § 522(f)(2)(A)). For purposes of the calculation, Debtor is entitled to use an exemption in the amount corresponding to the amount to which the debtor would have been entitled under section 522(b). Id. (citing Owen v. Owen, 500 U.S. 305, 310 (1991)).

In this case, the SJFE Judgment is for $425,257.16, Farm Credit's senior lien is $193,000, and the value of Debtor's personal property potentially subject to SJFE's judgment lien is $73,951.00.[1] Under section 522(b), Debtor's claimed exemptions total $18,726. Therefore, the SJFE Judgment would impair Debtor's exemption and can be stripped in its entirety pursuant to section 522(f). Even if this Court conducted the analysis to each piece of Debtor's personal

---

[1] This calculation does not include the asserted liens of the IRS and State of New Jersey because SJFE contests their validity. The Court, however, makes no such determination as part of this decision.

11

property, the outcome would be the same because of the extent of Farm Credit's secured claim and that Debtor could have used an exemption on each piece of personal property.

For this additional reason, the Motion is granted.

### IV.    Conclusion

SJFE did not perfect its lien under New Jersey law by failing to properly levy. Furthermore, even if the SJFE Judgment were properly perfected, it would be limited to Debtor's non-exemptible equity in the property. And since there is no such equity, the SJFE Judgment can be avoided under section 522(f). Therefore, the Motion is Granted.

Dated: July 21, 2022

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE